UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
|     JERRY WOLTMAN, | ) | Case No. 06-2088 |
|     Debtor. | )<br>)<br>)<br>) | |

**O P I N I O N**

This case is before this court for ruling on the Motion for Leave to Appeal (#1) filed by Jerry Woltman. Following this court's careful review of the Motion for Leave to Appeal and the response filed by U.S. Bank National Association, a creditor, this court concludes that Woltman has failed to establish that an interlocutory appeal should be allowed in this case.

BACKGROUND

On February 20, 2006, Debtor Jerry Woltman filed a voluntary petition for bankruptcy under Chapter 12 of the Bankruptcy Code. The case was assigned Case No. 06-90150 in the Bankruptcy Court. U.S. Bank National Association filed a Notice of Appearance in the bankruptcy case on February 23, 2006. On February 25, 2006, U.S. Bank filed a Motion for Removal of Debtor as Debtor in Possession (#13). A hearing was held on April 10, 2006, before United States Bankruptcy Judge Gerald D. Fines. In an Order entered April 12, 2006, Judge Fines granted the Motion for Removal of Debtor.

On April 21, 2006, Woltman filed, in the Bankruptcy Court, a Motion for Leave to Appeal the Bankruptcy Court's ruling on the Motion for Removal of Debtor. In his motion, Woltman states that he farms 291 acres of ground in Edgar County, Illinois. During 2004 and 2005, his harvest and planting was delayed due to equipment problems, a personal injury, and heavy rains. Furthermore, a

large part of his 2005 crops failed "in large part because of poor weed control." As a result, U.S.Bank, which holds a mortgage on a large part of Woltman's real property, moved to have Woltman removed as debtor in possession, alleging gross mismanagement and incompetence. Woltman argues he should be allowed to appeal the Bankruptcy Court's ruling because his removal as debtor in possession increases the costs associated with his bankruptcy. On May 8, 2006, U.S. Bank filed a response, arguing that the removal of Woltman as debtor in possession is beneficial to the creditors because is prevents the possibility of further deterioration of the farm and failure to properly farm the property.

ANALYSIS

Under 28 U.S.C. § 158(a)(3), it is within the district court's discretion whether to allow leave to appeal from an interlocutory order. See In re Jartran, Inc., 886 F.2d 859, 866 (7th Cir. 1989); Lynd v. Outboard Marine Corp., 2004 WL 1794471, at *2 (N.D. Ill. 2004); Gierum v. Kontrick, 2002 WL 226857, at *2 (N.D. Ill. 2002). The Bankruptcy Code does not provide an explicit standard for assessing the appropriateness of such an appeal. Kmart Corp. v. Uniden Am. Corp., 2004 WL 2222265, at *1 (N.D. Ill. 2004); Gierum, 2002 WL 226857, at *2. However, district courts have applied the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the Court of Appeals, in the bankruptcy context. See Kmart Corp. 2004 WL 2222265, at *1; Lynd, 2004 WL 1794471, at *2; Gierum, 2002 WL 2226857, at *2; In the Matter of Weinschneider, 2000 WL 28269, at *2 (N.D. Ill. 2000); In re OBT Partners, 218 B.R. 418, 419 (N.D. Ill. 1998); see also In re Dino's, Inc., 183 B.R. 779, 781 (S.D. Ohio 1995).

District courts applying the standard set forth in § 1292(b) to bankruptcy appeals have adopted its three-part test. Gierum, 2002 WL 226857, at *2. Accordingly, in considering Woltman's Motion for Leave to Appeal, this court adopts the three-part test of § 1292(b). Under the three-part test, an interlocutory appeal is appropriate when it: (1) involves a controlling question of law; (2) over which

there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the termination of the litigation. See 28 U.S.C. § 1292(b); Hollinger Int'l, Inc. v. Hollinger Inc., 2005 WL 327058, at *2 (N.D. Ill. 2005); Gierum, 2002 WL 226857, at *2; see also Kmart Corp., 2004 WL 2222265, at *1. To prevail, the party seeking leave to appeal must demonstrate all of the factors. Hollinger, 2005 WL 327058, at *2. Interlocutory appeals are disfavored, and courts should only "sparingly" grant permission to take such an appeal. In re Brand Name Prescription Drugs Antitrust Litig., 1998 WL 808992, at *3 (N.D. Ill. 1998); see also Hollinger, 2005 WL 327058, at *2. The party seeking interlocutory review bears the heavy burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Brand Name, 1998 WL 808992, at *3, quoting Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972); see also Kmart Corp., 2004 WL 2222265, at *1.

The Seventh Circuit has provided additional guidance to district courts regarding the correct application of the § 1292(b) test for the appropriateness of an interlocutory appeal. In Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674 (7th Cir. 2000), the Seventh Circuit disagreed with a decision of this court to certify an order for interlocutory appeal. In doing so, the Seventh Circuit provided a definition of "question of law" that is instructive in this case. See Gierum, 2002 WL 226857, at *3. The court stated that a "question of law" as used in § 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." Ahrenholz, 219 F.3d at 676. The court then stated that interlocutory appeals should be reserved for "'pure' question[s] of law rather than merely [for] an issue that might be free from a factual contest." Ahrenholz, 219 F.3d at 676-77. The court stated that the "idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."

3

Ahrenholz, 219 F.3d at 677; see also Hollinger, 2005 WL 327058, at *2.  To summarize its holding on this point, the court stated that a "'question of law' means an abstract legal issue. . . ." Ahrenholz, 219 F.3d at 677; Gierum, 2002 WL 226857, at *3.

In the instant case, Woltman seeks to immediately appeal his removal as debtor in possession. Woltman makes no attempt to argue this appeal raises a "controlling question of law" or an "abstract legal issue."  Woltman simply argues that his removal as debtor in possession increases the administrative costs associated with his bankruptcy.  This court concludes that Woltman is actually challenging Judge Fines' fact finding and wants this court to review the facts and come to a different conclusion.  This court concludes that, in this situation, it would not be faced with an issue concerning the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." See Ahrenholz, 219 F.3d at 676; Gierum, 2002 WL 226857, at *3.  This type of review would not involve what the Seventh Circuit has identified as a "pure" question of law or an "abstract legal issue." See Ahrenholz, 219 F.3d at 677; Gierum, 2002 WL 226857, at *3.  Accordingly, Woltman's Motion for Leave to Appeal (#1) must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Woltman's Motion for Leave to Appeal (#1) is DENIED.

(2)  This case is terminated.

ENTERED this 24th day of May, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE